UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:20-cr-00373 |
| | : | |
| Plaintiff, | : | ORDER |
| | : | [Resolving Doc. 53] |
| v. | : | |
| | : | |
| JAY LEVERETTE, | : | |
| | : | |
| Defendant. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

On July 31, 2020, Defendant Jay Leverette pleaded guilty to four counts of aiding and abetting bank fraud.[1] The Court sentenced him to sixty months on each count, to be served concurrently.[2]

Defendant Leverette now moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).[3] Leverette primarily argues that chronic left shoulder pain, and the BOP's inability to appropriately care for the shoulder pain, qualifies as extraordinary and compelling circumstances warranting release.[4]

The government opposes Defendant Leverette's motion.[5]

For the following reasons, the Court **DENIES** Defendant Leverette's motion for compassionate release.

---

[1] Doc. 23, PageID #: 105.
[2] Doc. 33, PageID #: 183.
[3] Doc. 53, PageID #: 261.
[4] *Id.*, PageID #: 265.
[5] Docs. 56, 57.

Case No. 1:20-cr-00373
GWIN, J.

# I. LEGAL STANDARD

"Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute."[6] Section 3582(c)(1)(A) allows a court to reduce a defendant's imprisonment term if (1) a defendant shows that "extraordinary and compelling reasons warrant such a reduction;" and (2) after the court considers all relevant 18 U.S.C. § 3553(a) sentencing factors.[7]

The First Step Act of 2018 allows defendants to file compassionate release motions on their own behalf.[8] However, under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's sentence upon a motion from the defendant only if the defendant filed the motion thirty or more days after the defendant sent a compassionate release request to their warden.[9]

# II. DISCUSSION

## A. Extraordinary and Compelling Circumstances

Defendant Leverette has not shown extraordinary and compelling reasons justifying early release.

Leverette says that his chronic left shoulder pain caused by an injury while imprisoned is extraordinary and compelling.[10] Leverette says that he cannot safely enter and exit his bunk, leading to more injuries, and that BOP staff have not responded to his medical help requests.

---

[6] *United States v. Alexander*, 951 F.3d 706, 707 (6th Cir. 2019); 18 U.S.C. § 3582(c).
[7] *United States v. Bass*, 17 F.4th 629, 635-36 (6th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). There is a third requirement under the statute, providing that the court must find "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sixth Circuit has held that this requirement does not apply where a defendant files a compassionate release motion, rather than the BOP. *See Bass*, 17 F.4th at 635 n.2 (citation omitted).
[8] *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021).
[9] 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Alam*, 960 F.3d 831, 834–35 (6th Cir. 2020).
[10] Doc. 53, PageID #: 265.

Case No. 1:20-cr-00373
GWIN, J.

Leverette does not show that his shoulder injury and pain are medical circumstances sufficiently serious to qualify as an extraordinary and compelling reason.[11] Leverette's shoulder plain is not a "serious physical or medical condition," a "medical condition that requires long-term or specialized medical care that is not being provided," or a deterioration in physical health due to Leverette's aging.[12]

Further, while incarcerated, Leverette has consistently received medical care for his left shoulder.[13] Leverette saw an orthopedic specialist,[14] received a back brace,[15] was taken off work duty,[16] and was assigned to a lower bunk to accommodate his shoulder pain.[17] Leverette has received multiple courses of pain management medication, stretching demonstrations, and has a physical therapy appointment pending.[18] When Leverette complies with his pain medication program, he has told BOP staff that the medication helps.[19] And, Leverette has been able to adjust his medication when its effectiveness wore off.[20]

Leverette has also received care for subsequent injuries caused by his weakened left shoulder.[21] In general, Leverette has been able to report his concerns at prison sick call.[22]

---

[11] *See* U.S. Sent'g Guidelines Manual § 1B1.13(b)(1) (U.S. Sent'g Comm'n 2023).
[12] *See id.*, § 1B1.13(b)(1)(B)(i), (ii), (C). *See also United States v. Sanders*, Case No. 19-20191, 2021 WL 510195, at *4 (E.D. Mich. Feb 11, 2021) (chronic neck and shoulder pain from prior accident not extraordinary nor compelling).
[13] *See* Doc. 57-1, PageID #: 304; 351, 371-72; 421; 483 (X-rays ordered); 488 (prescribed medication on May 9, 2022); 551.
[14] *Id.*, PageID #: 366.
[15] *Id.*, PageID #: 516.
[16] *Id.*, PageID #: 528-31.
[17] *Id.*, PageID #: 414-17.
[18] *Id.*, PageID #: 447.
[19] *Id.*, PageID #: 329.
[20] *Id.*, PageID #: 254.
[21] *See, e.g., id.*, PageID #: 321, 336, 341, 484, 546 (received X-rays of left ankle after falling out of bunk).
[22] *Id.*, PageID #: 522-24.

- 3 -

Case No. 1:20-cr-00373
GWIN, J.

Additionally, Leverette's medical records indicate that he has consistently described his shoulder pain as due to an accident that occurred before his incarceration.[23] At sentencing, the Court noted Leverette's physical injuries were "associated with a car accident in 2019."[24] To the extent that that Leverette's injuries existed at sentencing, they cannot be considered extraordinary and compelling reasons for release.[25]

Leverette also says that he has filed a Prison Rape Elimination Act (PREA) complaint detailing sexual misconduct by BOP staff that has gone unanswered.[26] The Court recognizes the seriousness of these allegations.

However, Leverette provides no evidence to support his PREA complaint, or legal authority supporting the proposition that the Court may consider it as an extraordinary and compelling circumstance. Leverette's medical records show that he was asked PREA-related questions about abuse, and he denied being abused.[27]

So, Leverette has not shown extraordinary and compelling reasons warranting compassionate release.

### B. 18 U.S.C. § 3553(a) Factors

The § 3553(a) factors are neutral towards Leverette's early release.

Leverette directed multiple individuals to conduct bank fraud.[28] Using false identities provided by Leverette, his subordinates fraudulently withdrew money in cash or as wire transfers over at least twenty-two transactions, totaling over $2.2 million.[29] At sentencing,

---

[23] *See, e.g.*, PageID #: 371, 464, 481 (back pain due to motor vehicle accident).
[24] Doc. 41, PageID #: 224.
[25] *See United States v. Hunter*, 12 F.4th 555, 569-70 (6th Cir. 2021).
[26] Doc. 53, PageID #: 265.
[27] Doc. 57-1, PageID #: 319.
[28] Doc. 41, PageID #: 223.
[29] *Id.*

- 4 -

Case No. 1:20-cr-00373
GWIN, J.

the Court reasoned that Leverette's longer sentence reflected the need for a just punishment.[30]

While incarcerated, Leverette has completed programming, including programs on employment, mental health, and drug treatment.[31] Leverette says that were he to be released early, he has a place to reside, employment opportunities, and community support. These efforts are commendable, but do not strongly outweigh his crime's severity.

### C. Administrative Exhaustion Requirement

Finally, Defendant Leverette has not shown that he has exhausted his administrative requirement under § 3582(c)(1)(A).

With his compassionate release motion, Leverette attached a February 2, 2024 "Informal Resolution Form" and a March 21, 2023 handwritten "Informal Resolution Form" detailing his complained-of medical issues, asking for compassionate release, and requesting to be granted home confinement.[32]

Although Leverette used the term "compassionate release" in his message to the BOP, he submitted forms for informal dispute resolution. The government reports that the BOP did not understand Leverette's request for informal dispute resolution as a request for compassionate release.[33] As of March 27, 2024, the BOP says it has not received a compassionate release request from Leverette.[34]

The Sixth Circuit has held that Congress's administrative exhaustion requirement for defendant-filed compassionate release motions is a "mandatory condition."[35] Here,

---

[30] *Id.*, PageID #: 224.
[31] *See* Doc. 53-2, PageID #: 270.
[32] Doc. 53-1, PageID #: 267-69.
[33] Doc. 56, PageID #: 282.
[34] *Id.*
[35] *Alam*, 960 F.3d at 833.

- 5 -

Case No. 1:20-cr-00373
GWIN, J.

Leverette's communications with the BOP requesting relief other than compassionate release do not satisfy that mandatory condition.[36]

### III. CONCLUSION

Defendant Leverette has not shown extraordinary and compelling reasons that support his early release. The § 3553(a) factors do not support his early release. And, Leverette has not shown that he has exhausted his administrative remedies.

So, the Court **DENIES** Defendant Leverette's motion for compassionate release.

IT IS SO ORDERED.

Dated: June 7, 2024            *s/      James S. Gwin*
                              JAMES S. GWIN
                              UNITED STATES DISTRICT JUDGE

---

[36] *See United States v. Brummett*, No. 20-5626, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020) (defendant's request for transfer should not be construed as motion for compassionate release).